

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-82,679-02

## EX PARTE DAVID WAYNE KERR, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W-21768-B-2 IN THE 181ST DISTRICT COURT
## FROM RANDALL COUNTY

*Per curiam*.

## O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to two counts of aggravated sexual assault and was placed on deferred adjudication probation for eight years on each count. He was subsequently adjudicated guilty and sentenced to seventy-five years' imprisonment on each count. The Seventh Court of Appeals reversed and remanded for a new hearing on the State's motion to adjudicate. *Kerr v. State*, Nos. 07-13-00128-CR & 07-13-00380-CR (Tex. App.—Amarillo Nov. 25, 2014) (not designated for publication). On remand, after a new hearing was held, Applicant was adjudicated guilty and sentenced to seventy-five years' imprisonment on

each count.

Applicant contends, among other things, that he was denied his right to appeal after he was adjudicated guilty and sentenced on remand. We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the adjudication of guilt and sentencing in cause number 21768-B from the 181st District Court of Randall County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues. Applicant's remaining claims are dismissed. *See Ex parte Torres*, 943 S.W.2d 469 (Tex. Crim. App. 1997).

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: September 25, 2019
Do not publish